925 F.2d 1464
 136 L.R.R.M. (BNA) 2543
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
STANDARD ROOFING CO., Respondent.
 No. 89-6402.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Standard Roofing Company, its officers, agents, successors, and assigns, on July 29, 1988. The Court heard argument of respective counsel on September 25, 1990, and has considered the briefs and transcript of record filed in this cause. On December 18, 1990, the Court, being fully advised in the premises, handed down its opinion granting enforcement of the Board's Order in part and remanding the case to the Board in part for further proceedings consistent with the Court's opinion. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Standard Roofing Company, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Refusing to bargain collectively with United Union of Roofers, Waterproofers and Allied Workers Local Union No. 44, AFL-CIO, as the exclusive representative of their employees in the appropriate unit described and found herein.
 
 
 4
 (b) Withdrawing from said multiemployer bargaining, except upon adequate written notice given prior to the date set by the contract for modification, or to the agreed-upon date to begin the multiemployer negotiations, except at such other time as it may lawfully withdraw.
 
 
 5
 (c) In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them in Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action which will effectuate the policies of the Act.
 
 
 7
 (a) Forthwith sign and implement the collective bargaining agreement reached by the Union and the Greater Cleveland Roofing Contractors' Association, representing its employer members, on August 19, 1985.
 
 
 8
 (b) Make whole their employees in the above-described bargaining unit for loss of pay or other employment benefits employees may have suffered by reason of their refusal to sign and implement the aforesaid agreement on August 19, 1985.
 
 
 9
 (c) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due, if any, under the terms of this Order.
 
 
 10
 (d) Post at their places of business in or around Cleveland, Ohio, copies of the attached applicable notice. Copies of said notice, on forms provided by the Regional Director for Region 8 of the Board, after being duly signed by the Company's representatives, shall be posted by them immediately upon receipt thereof, and be maintained by it for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced or covered by any other material.
 
 
 11
 (e) Notify the Regional Director for Region 8, in writing, within 20 days from the date hereof, what steps they have taken to comply herewith.
 
 
 12
 It is further ORDERED AND ADJUDGED by the Court that the case is remanded to the Board in part for further proceedings consistent with the Court's opinion.